DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **CHRISTOPHER P. BACHAND,** **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-** |
| | : | |
| **SILVA BROTHERS, INC. d/b/a BARCELLOS FAMILY RESTAURANT and JOHN SILVA,** **Defendants** | : | CA 07 299 T |

**COMPLAINT**

**I. Introductory Statement**

This is an action brought by the Plaintiff, Christopher P. Bachand, seeking declaratory and injunctive relief, attorney's fees and litigation expenses, compensatory and punitive damages, and other remedies against the Defendants for disability discrimination in employment in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.* and the Civil Rights of People with Disabilities, R.I.G.L. §42-87-1, *et seq.* ("CRPD").

**II. Parties**

1. Plaintiff, Christopher P. Bachand, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island.

2. Defendant, Silva Brothers, Inc. d/b/a Barcellos Family Restaurant ("SBI"), is a corporation duly organized and incorporated pursuant to the laws of the State of Rhode Island, with a principal place of business located at 1214 Stafford Road, Tiverton, Rhode Island.

3. At all relevant times, Defendant John Silva ("Silva") was employed by Defendant SBI as its President.

**III. Jurisdiction**

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1367, 2201, and 2202.

## IV. Venue

5. Venue is proper in this Court insofar as Defendant SBI is doing business and therefore is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Exhaustion of Administrative Remedies

6. On or about April 17, 2006, the Plaintiff timely filed a charge of disability discrimination against the Defendants with the Rhode Island Commission for Human Rights ("RICHR") and with the United States Equal Employment Opportunity Commission ("EEOC").

7. The Plaintiff was issued a notice of right to sue by the RICHR and the EEOC and has timely instituted suit thereon.

8. The Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

## VI. Material Facts

9. On or about December 20, 2005, the Plaintiff was hired by Defendant SBI as a cook.

10. During all relevant time periods, the Plaintiff's work performance was satisfactory.

11. During all relevant time periods, the Plaintiff suffered from a disability and/or was regarded as being disabled on account of a back impairment.

12. That despite his disability and/or perceived disability, he was still qualified to perform his job with or without reasonable accommodation.

13. Subsequent to being hired by Defendant SBI, Defendants discriminated against the Plaintiff on the basis of his disability and/or perceived disability.

14. In January, 2006, Defendant Silva approached the Plaintiff at work and questioned him about having food propped up on milk crates.

15. At that time, the Plaintiff informed Defendant Silva that the propped up food prevented him from reaching to the floor insofar as he had a sore back.

16. Defendant Silva then asked the Plaintiff about previous surgical procedures he had underwent relative to his back.

17. The Plaintiff confirmed that he had back surgery in January, 2004.

18. The Plaintiff also informed Defendant Silva that he was fully capable of performing his job duties with or without a reasonable accommodation.

19. On or about January 2, 2006, Defendant Silva advised the Plaintiff that his employment at Defendant SBI was terminated effective immediately insofar as the Plaintiff did not inform Defendants of his previous back surgery during an initial hiring interview.

20. That Defendants' rationale for terminating Plaintiff's position was discriminatory, or, in the alternative, a pretext for disability discrimination.

21. That the facts of this matter clearly establish that Defendants discriminated against the Plaintiff on account of his disability in violation of the ADA and the CRPD.

22. As a proximate result of the Defendants' unlawful and/or discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, damage to his business and personal reputation, severe mental and physical anguish, pain and suffering, and other great harm.

## VII. Claims For Relief

23. Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-22 above.

**Count One**
**Unlawful Discrimination-- 42 U.S.C. §12101, *et seq.***

24. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., causing Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the ADA.

**Count Two**
**Unlawful Discrimination--R.I.G.L. §42-87-1, *et seq.***

25. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq*., causing Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the CRPD.

**VIII. Prayers for Relief**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. and the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq*.

2. Enjoining and permanently restraining the Defendants from violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. and the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq*.

3. Award Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon.

4. Award Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon.

5. Award Plaintiff punitive damages for Defendants' intentional, malicious, reckless and/or willful violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*

6. Award Plaintiff reasonable attorney's fees and costs of litigation pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*

7. Such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

PLAINTIFF,
By his attorneys,
SINAPI, FORMISANO & COMPANY, LTD.

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)